UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ACTING THROUGH THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br>PLAINTIFF<br><br>v.<br><br>KENNETH LANDRY, MICHELLE LANDRY, and ANY TENANTS OR OCCUPANTS RESIDING AT 530 PINEHURST STREET, LYNDONVILLE, VT,<br><br>DEFENDANTS<br><br>VERMONT HOUSING AND CONSERVATION BOARD,<br><br>PARTIES-IN-INTEREST | **CIVIL ACTION NO.:**<br>2:25-cv-00805-cr |

**COMPLAINT FOR JUDICIAL FORECLOSURE**

**NOTICE TO DEFENDANT(S):** In to receive notice of the Foreclosure Judgment, you are required by law to enter and appearance in this action either through an attorney or on your own behalf after service has been made or you have returned your waiver of service of summons to Plaintiff's Attorney. If such appearance is not filed with the Clerk of the United States District Court for the District of Vermont within sixty (60) days of service of this Complaint, you will not receive notice of the Foreclosure Judgment which will set forth the amount of money you must deposit to redeem the property and the amount of time allowed you to redeem the property.

**NOTICE TO OCCUPANTS AND TENANTS PURSANT TO 12 V.S.A. § 4932(c)(2):** THE PROPERTY IN WHICH YOU LIVE IS BEING FORECLOSED UPON. YOU ARE

**NAMED AS A DEFENDANT IN THE FORECLOSURE BECAUSE YOUR RIGHT TO REMAIN ON THE PREMISES MAY END WHEN THE FORECLOSURE IS COMPLETED. YOU MUST NOTIFY THE COURT OF YOUR NAME AND ADDRESS IN ORDER TO BE KEPT INFORMED OF THE STATUS OF THE FORECLOSURE.**

NOW COMES the United States of America, acting through the United States Department of Agriculture (the "Plaintiff"), by and through its attorney, Marikate E. Kelley, MKelley Law, PLC and complains against the Defendants as follows:

## PARTIES

1. Plaintiff is a United States government agency with an address of P.O. Box 66827, St. Louis, MO 63166.

2. Defendant, Kenneth Landry, (hereinafter "Borrowers") have a last-known address of 1589 Haypatch Lane, Town of Loganville, County of Walton, and State of Georgia.

3. Defendant, Michelle Landry, (hereinafter "Borrowers") have a last-known address of 1589 Haypatch Lane, Town of Loganville, County of Walton, and State of Georgia.

4. There are, as of the date of this Complaint, no rental agreements recorded in the Town of Lyndonville of Kenneth Landry and Michelle Landry for 530 Pinehurst Street, Lyndonville, Vermont. Tenants or Occupants of the mortgaged premises, if any, are named as defendants pursuant to 12 V.S.A. § 4932(c)(l) for the purpose of providing notice of the pendency of this action. Plaintiff does not know whether the property will be occupied at the time the judgment order, decree of foreclosure, and order for judicial sale are entered in this proceeding. Such tenants or occupants, if any, are entitled to notice of these proceedings but are not entitled to a right of redemption. In the event that the mortgage is foreclosed, the interests of all tenants or occupants, if any, shall be foreclosed and they shall have no further interest as tenants, occupants, or otherwise, in the property. The

  Plaintiff, or the purchaser at the judicial sale, shall have the right to seek and enforce a writ of possession and neither the Plaintiff nor the purchaser at the judicial sale shall be obligated or required to institute an eviction proceeding against any tenants or occupants.

5. Vermont Housing and Conservation Board is a public instrumentality of the State of Vermont, with an address of 149 State Street, Montpelier, Vermont 05602.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1345. Plaintiff is an agency of the United States.

7. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in the State of Vermont and the subject property is located in the State of Vermont.

## FACTS

8. On or about July 18, 2003, Borrowers executed and delivered a promissory note (the "Note") to Plaintiff in the original principal amount of $79,000.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

9. On or about July 18, 2003, Borrowers granted a mortgage (the "Mortgage") to Plaintiff to secure the Note. The Mortgage is recorded in the Volume 154, Page 305 of the Lyndonville Vermont Land Records. A true copy of the Mortgage is attached hereto as **Exhibit 2** and is incorporated herein.

10. The Property secured by the Mortgage is commonly known as 530 Pinehurst Street, Lyndonville, Vermont 05851 and is more particularly described in Schedule A to the Mortgage (the "Property") as follows:



**SCHEDULE A**

**Property Description**   61166

Being all and the same lands and premises conveyed by Nelson M. Charron and Arlene H. Charron to Richard Charron, Linda Gilman and Elaine Laferriere, joint tenants, by Warranty Deed dated October 4, 2000 and recorded in Book 136 at Page 345 of the Lyndon Land records.

Reference is hereby made to the aforesaid deeds and their records and to all prior deeds in the chain of title and the records thereof for a further and more particular description of the lands and premises hereby conveyed.

11. The parties entered into a Reamortization Agreement with an effective date of December 18, 2017. A copy of the Reamortization Agreement is attached hereto as **Exhibit 3**.

12. Party-in-Interest, Vermont Housing and Conservation Board, may claim an interest in the Property by virtue of that certain Mortgage Deed dated February 10, 2004, and recorded at Book 159, Page 426 of the Lyndonville Vermont Land Records. (the "VHCB Deed"). A copy of the recorded Mortgage Deed is attached as **Exhibit 4** to this Complaint and is incorporated herein. Said lien is Junior to that of the Plaintiff.

13. The original Note and Mortgage are in the possession and control of the plaintiff, or the plaintiff is otherwise entitled to enforce the mortgage note pursuant to the Uniform Commercial Code.

14. It is a condition of the Mortgage that Borrowers pay all sums due under the Note, as modified by the Reamortization Agreement, including principal and interest payments, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain priority over the Mortgage, and to insure the Property.

15. The Borrowers are in default for failure to make payments as due under the Note and Mortgage.

16. The Borrowers further defaulted on Borrowers' obligations by abandoning the Property.

17. The Note provides that upon default by the Borrowers of any payment, the Plaintiff at its option may declare all or any part of the indebtedness immediately due and payable.

18. A notice of default, acceleration and opportunity to cure letter was sent to Borrowers on January 21, 2025, by certified mail and first-class mail to Borrowers at the address last provided to Plaintiff. A true copy of the notice, together with proof of mailing of the same, collectively are attached as **Exhibit 5** and are incorporated herein. The letters were returned with a last forwarding address of 1589 Haypatch Lane, Loganville, GA 30052-1127; and Plaintiff through counsel send a notice of default, acceleration and opportunity to cure letter to Borrowers to their last forwarding address by letter dated February 7, 2025, sent via certified mail and first-class mail. A true copy of the notice and certified mail receipts are attached hereto as **Exhibit 5**.

19. The default was not cured.

## Ineligible for Vermont Mediation Program

20. The Vermont Mediation in Foreclosure Action statute applies to "all foreclosure actions on dwelling houses of four units or less that are occupied by the owner as a principal residence". 12 V.S.A. §4631.

21. The mortgaged property ("Property") has been abandoned by the Borrowers and is not presently occupied by Borrowers as a primary residence, making it ineligible for mediation under the statute.

22. The Vermont Mediation in Foreclosure Action statute mediation process is further inapplicable and unavailable in that it is a procedural right and not a substantive right.

## Count I
### Foreclosure of Mortgage Pursuant to 12 V.S.A. §§ 4931 et. seq.

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Though demand was made, Borrowers refused, neglected, or were unable to pay the amounts due pursuant to the terms of the Note.

25. As of September 22, 2025, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $64,860.88 in principal, $58,982.41 in accrued interest, $2,120.00 escrow advance, $60.03 in late charges, $12,941.88 in fees required with payoff funds, and $61,062.71 in other fees currently assessed, for a total in other fees of $200,027.91, plus $2,113.56 in attorney fees and costs for a total of $202,141.47. Additional interest continues to accrue on the principal balance at the rate of $10.2178 per day; and fees and costs may also accrue.

26. The Note and Mortgage provide that in the event of a breach of the covenants and agreements set forth in the Note and Mortgage, that the Plaintiff shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in the Note and Mortgage. Reasonable attorney's fees may exceed two percent (2%) of the balance due to Plaintiff, plus costs.

27. Plaintiff is entitled to foreclosure of the Property under the terms of the Mortgage and state and federal law.

28. Plaintiff is exercising its right to have the Mortgage foreclosed pursuant to the power of sale in the Mortgage and for the judgment order and decree of foreclosure to include an order of public sale.

29. The redemption period shall be set at no more than thirty (30) days, as set forth in 12 V.S.A. §4946 (c), as the Property is not currently occupied by the owner as a principal residence.

30. The public sale of the Property will be as-is, where-is, with buyer taking all defects and risks associated with or connected to the Property being sold, including but not limited to all risks associated with the following:

   a. Subject to such facts as an accurate survey and physical inspection of the premises may reveal.

   b. Subject to ground lease, easements, restrictions, agreements and all documents of record, if any.

   c. Subject to unpaid real estate taxes, assessments, water and sewer liens, if any.

   d. Subject to the rights of tenants and other occupants, if any.

   e. Subject to state and municipal ordinances, statutes and regulations, including zoning ordinances.

   f. Subject to all liens of record, equitable or otherwise, whether or not filed.

   g. Subject to all violations, if any, of environmental laws, rules, and regulations of the State of Vermont, the United States of America, and any political subdivision thereof, whether or not of record.

   h. Subject to any defects or problems associated with the real estate or any improvements thereon.

   i. Subject to all violations, if any, other than environmental in nature, of laws, rules and regulations of the State of Vermont, the United States of America, and any political subdivision thereof, whether or not of record.

   j. Subject to prior mortgages and liens of record, if any.

## COUNT II
### Deficiency Judgment

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 above.

32. In the event the proceeds of any judicial sale are insufficient to meet the expenses incurred in the sale and the amount due under the Note and Mortgage, Plaintiff hereby requests that

the Court provide, in its order of confirmation, for a deficiency judgment against Borrowers.

**WHEREFORE**, Plaintiff pray:

A. That a judgment order of foreclosure and order of public sale pursuant to 12 V.S.A. §§ 4946, et seq., be entered ordering the Defendant(s) with an interest in the Mortgaged Property to pay to the Clerk of this Court for the benefit of Plaintiff, on a redemption date to be set by the Court, the sums found now due and to become due on the Note and interest thereon, together with the sums expended, and reasonable attorney's fees and all costs incurred in these proceedings, taxes and insurance and other sums as may be necessary to pay during the pendency of this action, all as allowed by the terms and conditions of the Mortgage.

B. That a judgment order be entered ordering that in default of such payments the said Defendant(s), and all persons claiming by, from and under them, be forever foreclosed of all equity of redemption in the Mortgaged Property in accordance with law.

C. That there shall be included in the judgment order any sums advanced by Plaintiff for taxes, water and sewer charges, other assessments, insurance premiums, costs and expenses, including a reasonable attorney's fee, which may exceed two (2%) percent, for the Mortgaged Property in addition to all other sums and costs allowed.

D. That in the event after the entry of judgment but prior to the last date to redeem, Plaintiff shall advance monies for insurance premiums, taxes or expenses of preservation of the improvements, that upon affidavit of such disbursements the judgment order be amended to include said additional amounts, together with appropriate interest.

E. That judgment is entered allowing Plaintiff, or its agents, to enter upon the Mortgaged Property to attend to its interests and inspect the property.

F. That Plaintiff or the purchaser at the judicial sale is granted a Writ of Possession as to the Mortgaged Property.

G. That the redemption period be set at no more than thirty (30) days as set forth in 12 VSA Section 4946(b) if the Mortgaged Property is not occupied by the owner as his or her principal residence at the time the Plaintiff applies for entry of judgment.

H. That, as Plaintiff has invoked the power of sale, award a deficiency judgment against Defendant(s), for any amounts due and owing under the Note and Mortgage after disposition of the Mortgaged Property and application of the proceeds from the disposition to the debt of Defendants, if applicable by law.

I. That the Court award attorney's fees and costs as allowed pursuant to the Note and Mortgage.

J. And that such other and further relief be granted as this Court deems just, proper and equitable.

**VALIDATION NOTICE: PURSUANT TO THE PROVISIONS OF 15 U.S.C. § 1692 *et seq*. YOU ARE HEREBY ADVISED THAT THIS IS A COMMUNICATION FROM A DEBT COLLECTOR IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**THIS NOTICE PERTAINS TO YOUR DEALINGS WITH ME AS A DEBT COLLECTOR. IT DOES NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME AT WHICH YOU MUST ANSWER THE COMPLAINT (OR OTHER LEGAL PLEADING). THE SUMMONS IS A COMMAND FROM THE COURT, NOT FROM ME, AND YOU MUST FOLLOW ITS INSTRUCTIONS EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS VALIDATION NOTICE ALSO DOES NOT AFFECT MY RELATIONS WITH THE COURT. AS A LAWYER, I MAY FILE PAPERS IN THE SUIT ACCORDING TO THE COURT'S RULES AND THE JUDGE'S INSTRUCTIONS.**

Dated this October 1, 2025.

MKELLEY LAW, PLC

By: */s/ Marikate E. Kelley*
Marikate E. Kelley, Esq.
mk@kelleylawvt.com
137 A-B-C-D Lane
No. Ferrisburgh, VT 05473
(802) 489-6002